IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EUGENE WURTELE and<br>NANCY WURTELE, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 8:07CV340 |
| vs. | )<br>) | ORDER |
| CINCINNATI INSURANCE COMPANY, | )<br>) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion for Summary Judgment (Filing No. 40). The defendant filed a revised brief (Filing No. 45)[1] and an index of evidence (Filing No. 42) in support of the motion. The plaintiffs filed a brief (Filing No. 47) and an index of evidence (Filing No. 46) in opposition to the motion. The defendant did not file a reply brief. For the reasons stated below, the court concludes the defendant's motion for summary judgment should be granted.

## INTRODUCTION

This action arises out of an insurance claim made by the plaintiffs under a homeowner's insurance policy (Policy) issued to them by the defendant. **See** Filing No. 1 - Ex. A Complaint. The plaintiffs' complaint alleges their home was damaged due to "street creep," which is the lateral movement of rigid payment. *Id.* p. 2. The plaintiffs contend the damage to their property is covered by the Policy. *Id.* The defendant denies the Policy covers the damage based on exclusions in the Policy for damages caused by (1) shrinking and expansion of pavement, and (2) faulty workmanship. **See** Filing No. 3 - Answer.

The defendant seeks summary judgment based on the exclusionary language in the Policy. The plaintiffs deny the exclusions apply in this case because the street creep occurred off of their insurance property causing damage to the insured property.

---

[1] The defendant's original brief (Filing No. 41) was filed with the motion.

Specifically, the plaintiffs state the pavement and workmanship at issue were not on the insured property, but on public property abutting the insured property. The undersigned magistrate judge is specially designated to exercise jurisdiction over this matter, pursuant to 28 U.S.C. § 636 and after the consent of the parties. **See** Filing No. 58.

### UNCONTROVERTED FACTS[2]

1.       The plaintiffs reside in Nebraska City, Otoe County, Nebraska, and are the joint owners of property located at 715 Wildwood Lane, Nebraska City, Nebraska. **See** Filing No. 1 - Ex. A Complaint ¶ 1.

2.       The defendant is an Ohio corporation authorized to sell insurance policies in the State of Nebraska, and elsewhere. **See** Filing No. 3 - Answer ¶ 2.

3.       Venue and jurisdiction is proper because the amount in controversy is in excess of $75,000.00 and this action involves citizens or entities of different states, namely, Ohio and Nebraska. **See** Filing No. 1 - Notice of Removal ¶¶ 3-4; **See** Filing No. 1 - Ex. A Complaint ¶¶ 1, 6.

4.       The defendant sold and issued to the plaintiffs a homeowners insurance policy with effective dates of February 12, 2002 through February 12, 2003, policy number HR 8657355. Such policy was renewed annually thereafter through and including the period of February 12, 2005 through February 12, 2006. **See** Filing No. 1 - Ex. A Complaint ¶ 3.

5.       The Policy defines the insured location as the residence premises, which is the dwelling at 715 Wildwood Lane, Nebraska City, Nebraska, or the grounds and other structures. **See** Filing No. 46 p. 42 - Policy p. 1-2 Definitions ¶ D(1).

6.       The Policy covers "[t]he dwelling on the "residence premises", . . . including structures attached to the dwelling. This coverage does not apply to land, including land on which the dwelling is located." *Id.* p. 44 - Policy p. 2 § 1 Coverages ¶ 1.

---

[2]The plaintiffs stated the defendant correctly set forth the uncontroverted facts, however the plaintiffs supplement those facts with additional coverages and definitions from the Policy. The defendant did not oppose the plaintiffs' supplementation. The uncontroverted facts listed in this order are based on the evidence before the court and those facts alleged by the parties. Where the facts are uncontroverted, they are deemed admitted by the opposing party. **See** NECivR 56.1(b)(1).

7. The Policy provided coverage on the plaintiff's structure limited to $325,000.00. **See** Filing No. 1 - Ex. A Complaint ¶ 3.

8. At all times material hereto, the Policy was in full force and effect and the plaintiffs had paid the requisite premiums. *Id.*

9. The plaintiffs gave the defendant timely notice of an alleged structural damage claim, which was denied by the defendant. *Id.* ¶ 5.

10. The plaintiffs' Complaint alleges the damage to their residence was caused by "street creep", defined by the plaintiffs as "the lateral movement of rigid pavement resulting from the normal shrinking and expansion of the pavement . . . ." *Id.* ¶ 4.

11. The Policy expressly states:

> **SECTION I – PERILS INSURED AGAINST**
> **COVERAGE A – DWELLING, COVERAGE B – OTHER STRUCTURES**
> **AND COVERAGE C – PERSONAL PROPERTY**
> We insure against risks of direct loss to property described in COVERAGES **A**, **B** and **C** only if that loss is a physical loss to property; however, we do not insure loss:
>
> \* \* \*
>
> 3.   Caused by:
>
> \* \* \*
>
> d.   Any of the following:
>
> \* \* \*
>
> (6)   Settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings;

**See** Filing No. 42 - Ex. 4 Policy Excerpts p. 2-3 § 1 Perils Insured Against ¶ 3(d)(6).

12. The Policy further expressly states:

> **COVERAGES A AND B**
> We do not insure for loss to property described in **COVERAGES A AND B** caused by any of the following. However, any ensuing loss to property described in **COVERAGES A AND B** not excluded or excepted in this policy is covered.
>
> \* \* \*
>
> 3   Faulty, inadequate, or defective;
>
> \* \* \*

>> b.   Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> c.   Materials used in repair, construction, renovation or remodeling;
>
> \* \* \*
>
> of part or all of any property whether on or off the residence premises.

*Id.* p. 4 § 1 Exclusions, Coverages A and B, ¶ 3(b) and (c).

13.   The plaintiffs' experts, Ronald Lee Yantz (Mr. Yantz) and Robert E. Dreessen (Mr. Dreessen) testified in their depositions that the phenomenon known as "street creep" involves the expanding and shrinking of pavement. *Id.* Ex. 1 - Yantz Depo. p. 24-25, 41; *Id.* Ex. 2 - Dreessen Depo. p. 16:13-17, 39:9-15; 41:21-42:9.

14.   Both Mr. Yantz and Mr. Dreessen testified it was their opinion the damage to the plaintiffs' residence was caused by the expansion and shrinkage of the pavement. *Id.* Ex. 1 - Yantz Depo. p. 85:23-86:7, 87:19-88:1; *Id.* Ex. 2 - Dreessen Depo. p. 7, 40:2-6.

## LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); **see** *Nat'l Am. Ins. Co. v. W & G, Inc.*, 439 F.3d 943, 945 (8th Cir. 2006). When making this determination, a court's function is not to make credibility determinations and weigh evidence, or to attempt to determine the truth of the matter; instead, a court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 853 (8th Cir. 2003) (**quoting** *Anderson*, 477 U.S. at 248). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that

4

allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Additionally, Rule 56(e)(2) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**See** Fed. R. Civ. P. 56(e)(2). A party seeking summary judgment bears the burden of informing a court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (**quoting** Fed. R. Civ. P. 56(c)); *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006). In the face of a properly supported motion, the burden then shifts to the nonmoving party to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 982 (8th Cir. 2004). A motion for summary judgment places an affirmative burden on the non-moving party to go beyond the pleadings and, by affidavit or otherwise, produce specific facts that show that there is a genuine issue for trial. **See** Fed. R. Civ. P. 56(e); *Janis v. Biesheuvel*, 428 F.3d 795, 799 (8th Cir. 2005).

Under this court's local rules:

> The moving party shall set forth in the brief in support of the motion for summary judgment a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law.

**See** NECivR 56.1(a)(1).

Additionally:

> The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts. The response shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to

5

> affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. <u>Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.</u>

**See** NECivR 56.1(b)(1) (emphasis in original).

## ANALYSIS

In a diversity case, the forum state's choice of law rules govern. **See** *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *J.E. Jones Const. Co. v. Chubb & Sons, Inc.*, 486 F.3d 337, 340 (8th Cir. 2007). The parties do not dispute that Nebraska law applies to this case.

Under Nebraska law, an insurance policy is a contract. *Lynch v. State Farm Mut. Auto. Ins. Co.*, 745 N.W.2d 291, 296 (Neb. 2008). "[T]he court construes the policy as any other contract to give effect to the parties' intentions at the time the writing was made." *Travelers Indem. Co. v. Int'l Nutrition, Inc.*, 734 N.W.2d 719, 726 (Neb. 2007). "Parties to an insurance contract may contract for any lawful coverage, and an insurer may limit its liability and impose restrictions and conditions upon its obligations under the contract if the restrictions and conditions are not inconsistent with public policy or statute." *Peterson v. Ohio Cas. Group*, 724 N.W.2d 765, 773 (Neb. 2006). "When the terms of the contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as the ordinary or reasonable person would understand them." *Thrower v. Anson*, 752 N.W.2d 555, 561 (Neb. 2008). "In construing an insurance contract, a court must give effect to the instrument as a whole and, if possible, to every part thereof." *Travelers Indem.*, 734 N.W.2d at 726. The interpretation, construction and effect of a contract are determined as a matter of law unless the contract is ambiguous. *Guerrier v. Mid-Century Ins. Co.*, 663 N.W.2d 131, 135 (Neb. 2003). "A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings." *Thrower*, 752 N.W.2d at 561. "While an ambiguous insurance policy will be construed in favor of the insured,

ambiguity will not be read into policy language which is plain and unambiguous in order to construe it against the preparer of the contract.  *Travelers Indem.*, 734 N.W.2d at 726.

The defendant contends regardless of where the shrinking and expanding or faulty workmanship began, the plaintiffs' damages were caused by the shrinking and expanding of pavement and/or faulty workmanship.  Further, the evidence indicates the driveway expanded into the garage floor causing damage.  **See** Filing No. 42 Ex. 2 - Dreessen Depo. p. 17, 39-40; *Id.* Ex. 1 - Yantz Depo. p. 84-85, 87-88.  Additionally, the evidence shows the failure to have an expansion slab between the plaintiffs' driveway and the street constitutes inadequate or defective construction.  **See** Filing No. 42 Ex. 2 - Dreessen Depo. p. 8-12.

The plaintiffs allege the shrinking and expanding of the pavement or concrete slabs in the municipal street adjoining the plaintiffs' property caused their damages.  Similarly, the alleged faulty workmanship was on expansion joints between the driveway and the abutting street.  The plaintiffs argue neither of these conditions were caused or could have been prevented by the plaintiffs, much like a neighbor's tree falling into their property.  The plaintiffs' position is that the terms of the Policy are clear and only apply to the insured premises.  In the alternative, the plaintiffs contend if the exclusions also apply to non-insured property, then the Policy has an ambiguity which should be construed against the defendant.

The Policy explicitly excludes from coverage loss caused by "[s]ettling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings."  **See** Filing No. 42 - Ex. 4 Policy Excerpts p. 2-3 § 1 Perils Insured Against ¶ 3(d)(6).  Additionally, the Policy explicitly excludes from coverage loss caused by "inadequate or defective . . . workmanship, repair, [or] construction . . . of part or all of any property whether on or off the residence premises."  *Id.* p. 4 § 1 Exclusions, Coverages A and B, ¶ 3(b) and (c).  The Policy language is not ambiguous.

The exclusions contained in the Policy excludes coverage in this matter.  The Policy excludes coverage for shrinking or expansion of pavement, which is the cause of the plaintiffs' damage, as alleged by the plaintiffs.  Whether the damage was caused by the failure of the plaintiffs' driveway to expand into the street or the encroachment of the street into the plaintiffs' property makes no apparent difference under the terms of the insurance

contract. Further, contrary to the plaintiffs' argument, the defendant does not attempt to define the insured property to include the municipal street. However, the exclusionary language includes defective workmanship of property off of the residence premises. Therefore, any faulty workmanship which caused shrinking or expansion of pavement, either related to the plaintiffs' property or the municipal street, is excluded under the plain Policy language. In the absence of a genuine issue of material fact, there appears no genuine issues for trial to preclude summary judgment at this time. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion for Summary Judgment (Filing No. 40) is granted.
2. Pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered on this date in accordance with this Order.

Dated this 27th day of January, 2009.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge